991 F.2d 794
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank FITZPATRICK, Plaintiff-Appellant,
v.
STANDARD REGISTER COMPANY, et al., Defendants-Appellees.
 No. 92-3709.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1993.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Frank Fitzpatrick, a pro se Ohio plaintiff, appeals from the dismissal of his complaint filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Fitzpatrick filed a charge with the Equal Employment Opportunity Commission (EEOC) alleging that he had been discharged from his employment on the basis of his sex. He received a notice of his right to sue from the EEOC on June 3, 1991. On July 18, 1991, he filed a copy of the notice of right to sue in the district court. He then tendered a complaint with a motion for pauper status on October 1, 1991. The motion was granted and the complaint filed on October 17, 1991. The defendants moved to dismiss on the ground that the complaint had not been filed within the ninety day period provided in 42 U.S.C. § 2000e-5(f)(1). A magistrate judge recommended that the motion be granted. Fitzpatrick objected that he had filed his right to sue letter within the ninety day period, and that the clerk had told him he had more time to file a complaint. The district court found that the filing of the right to sue letter was not sufficient to commence the action and that, although he was correctly informed that he had more time to file a complaint, he subsequently allowed that time to expire. This appeal followed. In a previous order, this court denied Fitzpatrick's motion for pauper status on the appeal. He then paid the filing fee and filed a brief in which he argues for the first time that the district court clerk told him that by filing a copy of his right to sue letter the time period for filing a complaint was actually extended, and therefore his complaint should be considered timely filed.
 
 
 3
 The Supreme Court has held that filing a copy of a right to sue letter is not sufficient to commence an action under Title VII, and does not toll the ninety day period for filing a complaint. See Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984) (per curiam). Accordingly, it is concluded that the district court correctly dismissed this complaint based on the information submitted to it.
 
 
 4
 Concerning Fitzpatrick's equitable tolling argument, the general rule is that this court will not address an issue not presented in the first instance to the district court. Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991). Because Fitzpatrick did not raise his equitable tolling argument in the district court, we decline to address the issue on appeal.
 
 
 5
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.